IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SIMARJIT SINGH,

    Petitioner,

v.                                                                                         No. 2:26-CV-00422-WJ-KRS

DORA CASTRO, Warden of Otero County Processing Center;
MARISA FLORES, Director, El Paso Field Office of Immigration and Customs Enforcement;
KRISTI NOEM, Secretary, United States Department of Homeland Security,

    Respondents.

## ORDER TO ANSWER

This matter is before the Court on Petitioner Simarjit Singh's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) (Petition).  Petitioner is detained at the Otero County Processing Center (Doc. 1 at 1).  Petitioner states he is a citizen of India. He entered the United States in 2024, and claims ICE determined he was not a danger or flight risk and released him on his own recognizance on April 29, 2024.  (Doc. 1 at 1).[1] He was arrested and taken into ICE custody on or about November 13, 2025, and detained at the Otero County Processing Center. (Doc. 1 at 4, 6).  Petitioner has been placed in removal and a Notice to Appear was issued on April 29, 2024, directing him to appear on August 28, 2025. (Doc. 1-2). He alleges he has filed an I-589 seeking asylum, withholding of removal, and protection under CAT.  (Doc. 1 at 3). He apparently

---

[1] The Court notes that the Order of Release, attached as Doc. 1-2, in the space for Petitioner's signature for "Alien's Acknowledgement of Conditions of Release on Recognizance," states "Refused to Sign."

had an in-person immigration hearing set in on February 18, 2026, in Otero County, New Mexico and states that, if the decision is not favorable, he intends to file an appeal. (Doc. 1 at 5). Petitioner seeks immediate release or a bond hearing. (Doc. 1 at 30).

Having reviewed the record, the Court finds the alleged facts raise a colorable claim for relief. *See Melchor-Rios v. Ortiz, et al.*, 2:25-cv-1055 WJ-GJF (concluding the petitioner's detention was governed by 8 U.S.C. § 1226, rather than 8 U.S.C. § 1225, and ordering Respondents to provide a bond hearing or release the petitioner); *Briceno-Sanchez v. Dedos, et al.*, 2:25-cv-1054 WJ-GBW (same). The Clerk's Office has electronically served the Petition on Respondents via CM/ECF. *See* Doc. 2. The United States Attorney's Office (USAO) shall answer the Petition within ten (10) business days of entry of this Order. *See* Habeas Rules 1(b), 4 (courts have discretion to set a time for respondents to answer a habeas petition).2 The answer should address the merits of Petitioner's claim and show cause why the requested relief should not be granted. Any response filed by Respondents must demonstrate why the specific facts or procedural posture of this case warrant a departure from the Court's prior rulings. Petitioner may file an optional reply within ten (10) business days after the answer brief is filed.

If the USAO declines to timely respond, the Court may enter a separate order directing the Immigration Court to conduct a bond hearing in accordance with its prior rulings on this issue.

**IT IS ORDERED** that the USAO shall **ANSWER** the Petition within ten (10) business days of entry of this Order and show cause why the requested relief should not be granted. If

---

2 To the extent applicable and pursuant to the authority granted by Rule 1(b) of the Rules Governing 2254 Cases in the United States District Court and Standing Order 26-mc-0004-03, the Court will apply the Rules Governing Section 2254 cases in this proceeding.

Petitioner wishes to file an optional reply, he must do so within ten (10) business days after Respondents' response is filed.

/s/_____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE